**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00967-CMA-BNB

CHRISTOPHER SANCHEZ, and
PINNACOL ASSURANCE,

    Plaintiffs,

v.

PATTERSON-UTI DRILLING COMPANY, LLC,
a foreign limited liability company, and
JOHN DOE,

    Defendants.

## ORDER DENYING MOTION TO REMAND

    This matter is before the Court on Plaintiff Christopher Sanchez's Motion to Remand. (Doc. # 8.) For the following reasons, the Court denies the motion.

    Defendant Patterson-UTI Drilling Company, LLC., removed this action from state court pursuant to 28 U.S.C. 1441 *et seq.*, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs. *Salt Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003).

    Sanchez asserts the parties are not diverse. Plaintiffs' Complaint alleges that Sanchez is a resident of the State of Utah and that Plaintiff Pinnacol Assurance is a political subdivision of the State of Colorado. It also alleges that Defendant Patterson-UTI Drilling Company, LLC. is a foreign LLC with a principal place of business in the

State of Texas. So far the parties are diverse. Sanchez, however, points to the defendant identified as John Doe. He argues this defendant is "reasonably believed to be a Colorado citizen." If true, then the parties would not be completely diverse. One of the plaintiffs (Pinnacol Assurance) and one of the defendants (John Doe) would each be citizens of Colorado. In that case, the Court would lack jurisdiction. This assumes, of course, that the Court should consider the citizenship of unidentified defendants like John Doe.

The Tenth Circuit has concluded, however, that "[u]nder the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (citing 28 U.S.C. 1441(a)). The language of section 1441(a) makes this conclusion obvious: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Accordingly, for purposes of removal, the Court disregards the citizenship of John Doe.

Because the other parties are completely diverse, the removal was proper. Accordingly, the Court DENIES Sanchez's Motion to Remand (Doc. # 8).

DATED: October 27, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge